THOMAS A. and JEAN E. O'REILLY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
O'Reilly v. Commissioner
Docket No. 8627-72.
United States Tax Court
T.C. Memo 1974-261; 1974 Tax Ct. Memo LEXIS 58; 33 T.C.M. (CCH) 1153; T.C.M. (RIA) 74261; September 26, 1974, Filed. Jean E. O'Reilly, pro se. Robert E. Marum, for the respondent. FORRESTER
MEMORANDUM FINDINGS OF FACT AND OPINION FORRESTER, Judge: Respondent has determined a deficiency of $420 in petitioners' 1971 Federal income taxes. The only issue for our decision is whether petitioners are entitled to deduct certain child-care expenses under either section 162 or section 214. [1]
FINDINGS OF FACT Some of the facts have been stipulated and are so found. Petitioners Thomas A. (Thomas) and Jean E. O'Reilly (Jean) are husband and wife who, at the time the petition herein was filed, resided in Cornwall, New York. They timely filed a joint Federal income tax return for the 1971 calendar year. During 1971, Thomas *59 was employed as an architect by Perkins and Will Service Co., Inc., of Chicago, Illinois. Jean, an interior designer, was employed by Rose, Beaton and Rose of White Plains, New York, on a full-time basis during January of 1971. The remainder of the year, except for a two-week period in early February during which she did not work, Jean was employed, again as an interior designer on a full-time basis, by James D. Lothrop, an architect in White Plains. Petitioners' combined adjusted gross income in 1971 - all of which was earned in the jobs listed above - was $30,888.24. During the 50 weeks in 1971 when Jean was employed, care of the petitioners' son, Patrick Jon, who became one-year old on July 7, 1971, was entrusted to Carmen Schelmety (Carmen), who charged the petitioners $30 a week for such service. Carmen watched Patrick Jon in her home, performing all the normal tasks required in looking after a child of that age. Carmen, however, performed no household or domestic-type services for petitioners during 1971. Patrick Jon was entirely supported by petitioners during 1971. On March 8, 1972, Jean telephoned the Spring Valley Office of the Internal Revenue Service and was *60 at that time told by some individual there that "any legitimate expense which allows one to earn taxable income" is deductible as a business expense. The identity or position of such individual, however, was not to be found in the record. On their 1971 return, petitioners claimed a $1,500 deduction for the amounts paid Carmen for caring for Patrick Jon in 1971. In his statutory notice of deficiency respondent has disallowed such deduction in full. OPINION The only issue for our decision is whether petitioners are entitled to deduct child-care expenses incurred in order that they might be gainfully employed in 1971. Section 214, as it applied to 1971, allowed a deduction of up to $600 for the cost of caring for one child in order that his parents might be gainfully employed. Sec. 214(a), (b) (1) (A). However, in the case of working wives, the maximum allowable deduction is reduced dollar for dollar for each dollar by which the couple's adjusted gross income exceeds $6,000. Sec. 214(b) (2) (B). Thus, because petitioners' adjusted gross was well over $6,600, they are entitled to no deduction under section 214. [2]
*61 As to the deduction of such expenses under section 162, it is clearly established that, except to the extent Congress provided in section 214, child-care expenses, even though incurred to allow the taxpayers to become gainfully employed, are nondeductible personal expenses. , affirmed per curiam (C.A. 2, 1972), certiorari denied ; , on appeal (C.A. 10, Nov. 16, 1973); , affirmed per curiam (C.A. 2, 1940); . Accordingly, petitioners are entitled to no deduction under section 162 for the above-described child-care expenses. Petitioners point out that Jean was told over the phone by an individual at an Internal Revenue Service office that deductions are permitted for any expense "which allows one to earn taxable income." Their attempts at an estoppel argument must fail, however, for, among other reasons, it is clear that they could not have relied on the individual's advice *62 - which was given on March 8, 1972 - in incurring the expenses in 1971. Cf. , affd. (C.A. 3, 1972). Nor did they demonstrate any authority in the individual to render such advice, much less come even close to making an argument that the Commissioner should be bound by the statements of this alleged employee.[3] See ; ; section 601.201(k) (2), Proced. & Admin. Regs. It is clear to us that respondent, who has a rather broad discretion in correcting errors of law into which he may have fallen, , cannot be bound by the statement described above. Decision will be entered for the respondent. Footnotes
1. All statutory references are to the Internal Revenue Code of 1954, unless otherwise specified. ↩
2. These provisions of section 214 were substantially amended for all tax years subsequent to 1971 by Pub. L. 92-178, sec. 210 (Dec. 10, 1971). ↩
3. Furthermore, petitioners did not indicate to what question the individual was responding. Different phrasings of such question would have obvious effects on the interpretation to be accorded the answer given. ↩